UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHELLE LYNN N., | Case No.:  24-cv-480-DDL |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | **[Dkt. No. 2]** |

  On March 11, 2024, Plaintiff Michelle Lynn N. ("Plaintiff") initiated this action against the Acting Commissioner of Social Security, seeking judicial review of a final adverse decision of the Commissioner.  Dkt. No. 1.  Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* ("IFP"), which is presently before the Court.  Dkt. No. 2.

  This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1).  A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant

cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff avers she is unemployed and currently homeless. Dkt. No. 2 at 5. Plaintiff receives $297.00 in public assistance (food stamps) but has no other income or assets. *Id*. at 1-4. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that she lacks the financial resources to pay the filing fee. Accordingly, plaintiff's Application to Proceed in forma pauperis [Dkt. No. 2] is **GRANTED**.

The Court must dismiss an IFP complaint if it fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security plaintiff's complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). The Court has reviewed Plaintiff's complaint and finds it satisfies all pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Court finds that the Complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**.

Dated: March 18, 2024

*/s/ David Leshner*

---
Hon. David D. Leshner
United States Magistrate Judge